Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6354 | **DATE** | 7/11/12 |
| **CASE TITLE** | Stephens, et al. vs. Cirrincione | | |

**DOCKET ENTRY TEXT**

For the reasons provided in the Statement section of this Order, Plaintiffs' Petition For Fees and Costs [25] is granted in part and denied in part. I award Plaintiffs costs in the amount of $517.92 and attorney's fees in the amount of $39,491.25.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Plaintiffs Kenneth Stephens and Marty James accepted an offer of judgment made by Defendant Chicago Police Officer Paul Cirrincione in this § 1983 lawsuit. I entered judgment against Cirrincione on May 14, 2012. Plaintiffs now seek fees and costs.

I.

This lawsuit arises out of an incident on Oct. 28, 2009, in which James and Stephens claimed they were harassed by Cirrincione and falsely arrested. Each Plaintiff accepted an offer of judgment pursuant to Fed. R. Civ. P. 68 in the amount of $20,001, "plus reasonable attorney's fees and costs accrued to date in an amount to be determined by the Court." (Dkt. No. 19-1.)

Although he trimmed his request on reply, Plaintiffs' counsel sought a total of $50,183.75 in attorney's fees and $518.22 in costs. Defendant argues that award should be cut to $13,760 in attorney's fees, and $509.37 in costs.

II.

A party who prevails in a § 1983 lawsuit may recover reasonable attorney's fees in light of the prevailing market rate in the relevant community. *Davis v. Budz*, No. 99 C 3009, 2011 WL 1303477, at *2 (N.D. Ill. March 31, 2011) (internal citations omitted); *see* 42 U.S.C. § 1988. In determining attorney's fees, I begin by calculating the "lodestar" amount, that is the number of hours reasonably expended on the case multiplied by the reasonable hourly rate for each attorney. *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996) (internal citations omitted). I must exclude from consideration those hours that were not reasonably expended on the litigation. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999). The lodestar amount is presumed to be reasonable, but other considerations may lead the court to increase or decrease the fee amount. *See Elustra v. City of Chicago*, 760 F. Supp. 2d 792, 800 (N.D. Ill. 2010) (internal citations omitted).

In determining a reasonable hourly rate, the attorney's actual billing rate is presumptively reasonable. *People Who Care*, 90 F.3d at 1310 (internal citation omitted). In cases such as this involving a contingent fee

| **STATEMENT** |
|---|

arrangement, the court should look to the rate charged by lawyers in the community of comparable skill, experience, and reputation. *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 892, 895 n.11 (1984)). This information may be obtained from affidavits from other attorneys or through rates that courts have awarded in other fee petitions. *Soleau v. Ill. Dep't of Transp.*, No. 09 C 3582, 2011 WL 2415008, at *2 (N.D. Ill. June 9, 2011).

Once a fee applicant presents sufficient evidence to establish the reasonableness of the rate, the burden shifts to the opposing party to show that a lower rate is appropriate. *Id.* (citing *Gautreaux v. Chi. Hous. Auth.,* 491 F.3d 649, 559–60 (7th Cir. 2007)). If a fee applicant does not meet the burden of proving each attorney's market rate, the court may make its own determination of a reasonable hourly fee. *Id.* (citing *Schlacher v. Law Office of Phillip J. Rotche & Assocs., P.C.,* 574 F.3d 852, 858 (7th Cir. 2009)).

III.

### A. Reasonable Hourly Rates

Plaintiffs request an hourly rate of $475 for Michael D. Robbins, a 1973 graduate of Chicago-Kent College of Law. Robbins has submitted an affidavit outlining his experience, including as an assistant state's attorney, sole practitioner, and senior litigation attorney for United Airlines. Since 1991, he has worked in private practice, primarily in the areas of civil rights litigation, employment discrimination litigation, commercial litigation, and criminal defense.

Robbins states that he has been awarded and paid fees, or reached an agreement for fees, in numerous civil rights and employment discrimination cases. Robbins also attests that he has been compensated at the rate of $400 an hour by a multinational corporate client for litigation conducted in this court and in the Cook County Circuit Court between 2007 and 2010.

As Defendant notes, however, Robbins has not provided any examples of the fees awarded him in contested fee petitions in § 1983 cases. Further, his own affidavit, while showing him to be a capable and experienced attorney, does not establish a reasonable hourly rate for this type of litigation. *See Edwards v. Rogowski*, No. 06 C 3110, 2009 WL 742871, at *4 (N.D. Ill. March 18, 2009) (noting that attorney's own affidavit attesting to a reasonable rate is inadequate). The Seventh Circuit has indicated a preference for third party affidavits attesting to the billing rate of comparable attorneys in the same type of case, *see Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011), which Robbins has not provided.

Robbins points to fee awards in other civil rights cases, but those cases are not comparable merely because they involve attorneys with roughly the same amount of experience as Robbins. For example, in *Entm't Software Ass'n v. Blagojevich,* No. 05 CV 4265, 2006 WL 3694851 (N.D. Ill. Aug. 9, 2006), Judge Kennelly approved rates of $585 an hour for a 1979 law graduate and $425 an hour for a 1996 law graduate. These, however, were the rates actually billed by the attorneys and paid by their clients, so they were presumptively reasonable. *Id.* at *3. Similarly, Robbins relies in part on a case from the Northern District of California, *Prison Legal News v. Schwarzenegger*, 561 F. Supp. 2d 1095, 1105–06 (N.D. Cal. 2008), but that is not helpful in determining a reasonable hourly rate for this market.

While Robbins asserts that he was awarded a $400 rate in two previous employment discrimination cases in this district, those fee petitions were unopposed and did not involve civil rights work, and so are of little use in determining the reasonable hourly rate in this case. Regardless, Robbins has practiced civil rights litigation for two decades, and has tried numerous cases, including two this year. In light of the parties' submissions and my review of similar cases pending in this district, I find that $425 an hour is an appropriate rate for Robbins' services in this matter. *See Blackwell v. Kalinowski*, No. 08 C 7257, 2012 WL 469962, at *5 (N.D. Ill. Feb. 13, 2012) (awarding $325 hourly rate to attorney who had specialized in civil rights litigation for eight years); *Edwards*, 2009 WL 742871, at *4 (awarding $400 rate to attorney who specialized in civil rights and criminal defense work for two decades). Plaintiff's requested rate of $75 an hour for the work of law clerk Courtney Smallwood, a third year student at Chicago-Kent College of Law, is reasonable and will be allowed.[1]

### B. Reasonable Fees

| STATEMENT |
|---|

Defendant contends that fees incurred after the offer of judgment was tendered should be disallowed, because the offer limited reasonable attorney's fees to those accrued as of the date of the offer.

When an offer of judgment unambiguously limits recovery of attorney's fees, courts should honor that limitation. *Decker v. Transworld Sys., Inc.*, No. 09 C 50073, 2009 WL 2916819, at *2 (N.D. Ill. Sept. 1, 2009) (citing *Norby v. Anchor Hocking Packaging Co.,* 199 F.3d 390, 392 (7th Cir. 1999)). In his reply, Robbins agrees not to seek any fees for time spent after April 27, 2012, the date the offer of judgment was served. Defendant argues that Robbins should be precluded from recovering fees accrued on April 27 as well. In so doing, they represent that the offer was in the amount of $20,001.00 "plus reasonable costs and attorneys fees accrued as of the date of this offer." Def.'s Resp., 9. In fact, the offer of judgment refers to "reasonable attorney's fees and costs accrued to date." (*See* Dkt. No. 19-1.) Given that it is somewhat ambiguous as to whether the "date" at issue is the date the offer of judgment was served or the date it was accepted, I find that Plaintiffs may recover fees and costs through April 27, 2012. *See Lasswell v. City of Johnston City*, 436 F. Supp. 2d 974, 981 (S.D. Ill. 2006). I will not award any fees for the 13.1 hours accrued after that date. That brings Plaintiffs' requested hours to 89.4.

Defendant also argues that certain of the fees claimed are unnecessary or duplicative, and that 38.3 hours is more reasonable. Defendant's objections, however, are overly broad and lacking in specificity. For example, Defendant labels numerous time entries "excessive" or "duplicative" without providing an explanation as to why this is so. As Magistrate Judge Cole has observed,

> Local Rule 54.3 and the cases requiring clarity and specificity in objections to fee petitions do not allow for the shifting to the court of the objector's responsibility to particularly delineate those fees with which it takes issue and to meaningfully explain why each item claimed to be unreasonable or otherwise noncompensable should be disallowed. Unsupported and conclusory objections are not enough.

*Nilssen v. General Elec. Co.*, No. 06 C 4155, 2011 WL 633414, at *10 (N.D .Ill. Feb. 11, 2011).

On the whole, the amount of time Robbins expended on the case appears reasonable, and his time entries reflect appropriate and necessary work on the case. The same is true for the work of his law clerk. I will allow Robbins to recover for 89.4 hours at a rate of $425, for a total of $37,995. The work of his law clerk is compensable at a rate of $75 for 19.95 hours of work, for a total of $1,496.25. That brings the total fee award to $39,491.25.

**B. Degree of Success**

Next, Defendant argues that the fee award should be reduced to "more accurately reflect Plaintiffs' limited degree of success and the relation between the fees claimed and the damages awarded at the offer of judgment." Def.'s Resp., 11. It is well-established that after determining the lodestar amount, the court may adjust it upward or downward based on several factors, including: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Estate of Borst v. O'Brien*, 979 F.2d 511, 515–16 n.2 (7th Cir. 1992) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983)).

Defendant argues the lodestar amount should be reduced because Plaintiffs were awarded only $20,001 each in total damages. Defendant contends that no public benefit was obtained from this case because the factual and legal issues were not novel. I decline to reduce the award on this basis. Although this was not a high damages case, Plaintiffs made serious allegations that they were harassed, wrongfully arrested, and incurred costs defending themselves from unwarranted criminal charges. Additionally, Plaintiff Stephens, then 65 years old, alleged that he suffered pain and contusions after being arrested and confined in the back of a squad car. Robbins obtained a good result for his clients while avoiding the risk and expense

| STATEMENT |
|---|

involved in a trial.

    **C. Bill of Costs**

    Finally, Plaintiffs seek costs in the amount of $518.22, of which Defendant objects to $8.85 in costs for copies that are undated or were made after Defendant extended its offer of judgment but before Plaintiffs accepted it. These costs appear reasonable with the exception of a .30 charge incurred after the date of the offer of judgment. Plaintiffs are awarded $517.92 in costs.

IV.

    For the reasons stated, Plaintiffs' petition for fees and costs (Dkt. No. 22) is granted in part and denied in part. I award Plaintiffs costs in the amount of $517.92 and attorney's fees in the amount of $39,491.25.

---

1. Defendant purports to challenge the $150 rate for Smallwood's work, *see* Def.'s Resp., 3, but it is actually billed at half that amount.